IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RACHAEL LEE,** | : | **CIVIL NO.  1:14-1635** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Rambo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **CAROLYN W. COLVIN, Acting** | : | |
| **Commissioner of Social Security,** | : | |
| | : | |
| **Defendant** | : | |

# M E M O R A N D U M

Before the court is a report and recommendation of the magistrate judge
in which he recommends that Plaintiff's complaint for disability social security be
remanded to the Administrative Law Judge ("ALJ") for further consideration of the
medical evidence.  Defendant has filed objections to the report and recommendation to
which Plaintiff has filed a response.  The matter is ripe for disposition.  For the
reasons set forth below, the report and recommendation will be rejected.

## I.      Background

In March 2009, Plaintiff, Rachael Lee, was determined to be eligible for
social security benefits based on psychological impairments that included mood
disorder, panic disorder, attention deficit hyperactivity disorder (ADHD), and self
injurious behavior.  Social Security made a redetermination of Plaintiff's disability on
December 20, 2011 and concluded that Plaintiff's disability ceased as of December
2011.

Plaintiff's pre- and post-eighteenth birthday treating physicians for
mental health care were from the practice of Kids Peace -- Dr. David Behar and
Meghan Ennis, MS.  Throughout this period, Plaintiff was assigned various Global
Assessment of Functioning ("GAF") scores.  GAF scores measure impairment in such

areas as work, school, family relations, judgment, thinking or moot.  Diagnostic and Statistical Manual of Mental Disorders (4th ed. text rev. 2000).  Plaintiff's GAF scores ran from 35 to 50.

It is the opinion of the magistrate judge that the GAF scores were significant clinical findings.  The magistrate judge opines the ALJ either did not credit or ignored the clinical evidence presented by the GAF scores and that a remand is necessary to have the ALJ reassess Plaintiff's claim based on the GAF scores and the clinical evidence they represent.

Defendant in her objections to the report and recommendation sets for th the argument that even though the ALJ did not refer in his findings the reference to "GAF scores," he did, in fact, refer to those findings.  Defendant further argues that GAF scores are no longer included in the Diagnostic Statistical Manual of Mental Disorders.

## II.        Discussion

GAF scores or scale are no longer included in the DSM-5 and "the GAF scale does not have a direct correlation to the severity requirements in the Commissioner's mental disorders listings and is never dispositive in the disability determination."  (Doc. 8 at p. 18 (citations omitted).)  The magistrate judge sets forth the argument that even though the scores themselves cannot be considered, certain clinical evidence which the GAF score represent should be considered.  Defendant sets forth that the ALJ's opinion did consider such evidence even though there was no specific mention of a GAF score.

On March 2012, Plaintiff was admitted to the Kids Peace Partial Hospitalization Program.  She was diagnosed then, and again on May 13, 2012, with mood disorder, NOS; IED and ADHD – receiving GAF scores of 45 and 40

respectively.  The ALJ, in reliance on this finding by Plaintiff's medical team, accepted those findings.  On September 25, 2012, Plaintiff had a GAF score of 40 and by January 2013, a score of 35, which indicates a deterioration of Plaintiff's mental state.  The report of these visits are documented in Exhibits 20F.  (Doc. 6, Tr. 937 and 944.)  The ALJ also referred to other treating physicians' reports found in the record at exhibits 2F, 11F, and 18F.  The ALJ noted that her treatment around 2012-2013 was focused on anger, hostility and defiance in her relationship problems with her mother and not on her attention deficit hyperactivity disorder and learning disability with depression.  (Doc. 6-2, Tr. 10.)  Thus, while the ALJ did not refer specifically to the GAF scores, he did refer to the records in which the GAF scores appeared.  Furthermore, it is difficult for this court to expect a non-medical person (ALJ) to correlate a particular GAF score with the medical findings, when the medical reports themselves do not explain the basis for a particular GAF score.

## III.        Conclusion

The ALJ has considered the findings of Plaintiff's treating physicians and why he denied granting relief based on those medical findings.  Therefore, this court will decline to adopt the report and recommendation of the magistrate judge and will affirm the findings of the ALJ in this matter.  An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  August 6, 2015.